UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARYL MCKENZIE,

    Petitioner,

v.                                            Case No. 5:19cv562-TKW-HTC

MARK S. INCH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court upon an amended petition under 28 U.S.C. § 2254 filed by Petitioner, Daryl McKenzie, alleging that he was being unlawfully confined for his failure to pay child support which he is unable to pay because of lack of funds or income. ECF Doc. 4. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons set forth below, the undersigned recommends this case be dismissed for McKenzie's failure to prosecute, to keep the Court apprised of his address, and to comply with orders of the Court.

After screening the amended petition, the Court on February 6, 2020 ordered McKenzie to show cause why this case should not be dismissed without prejudice

for failure to exhaust available state remedies. ECF Doc. 6. McKenzie responded at ECF Docs. 7 and 8, setting out the attempts he had made to exhaust administrative remedies. Upon review of the responses, the Court on February 21, 2020, discharged the show cause order and left the resolution of the issue of exhaustion until after the State filed a response to the amended petition. ECF Doc. 9. Additionally, because it appeared that McKenzie was sentenced to be confined for a period of 180 days, the case was expedited, with the time to respond by the State shortened to thirty (30) days. *Id.*

The State filed a response on March 23, 2020, arguing that the petition should be dismissed because McKenzie is in the custody of the Jackson County Correctional Facility and not Mark S. Inch, Secretary of the Florida Department of Corrections, who is the only named respondent in the amended petition. ECF Doc. 12. On March 27, 2020, the Court ordered McKenzie to file a reply to the response by April 10, 2020. ECF Doc. 13.

The Court has not received any reply from McKenzie. Instead, on April 7, 2020, the Court received notice from the clerk that the Court's order directing Petitioner to file a reply to the State's response to his amended petition (ECF Doc. 13) was returned undeliverable. ECF Doc. 14. The envelope included with the notice at ECF Doc. 14 bears a stamp indicating Petitioner has been released, and a label from the post office indicates that the post office was "unable to forward" the

order. The clerk indicated in the notice that she was unable to locate a forwarding address.

Because of McKenzie's release and failure to keep the Court apprised of his address, the undersigned gave McKenzie an opportunity to show cause as to why the instant petition should not be denied. On April 16, 2020, the undersigned issued a show cause order, noting that McKenzie had not filed a notice of address change with the Court and that, additionally, because of McKenzie's release from custody, all or part of the instant action may be moot. ECF Doc. 15. The undersigned gave McKenzie thirty (30) days to (1) advise the Court whether he intends to prosecute this action; (2) address whether the motion is moot; and (3) advise the Court of his new address. *Id.* Although the undersigned recognized that it was unlikely that McKenzie would receive the April 16 show cause order or any subsequent orders because he has not provided the Court with an updated address, the undersigned, nonetheless, issued the April 16 show cause order out of an abundance of caution in the event that McKenzie was checking the docket.

Thirty (30) days have passed since the filing of the April 16 order, and McKenzie has not responded and has not submitted an updated address to the Court. Instead, on April 23, 2020, the Court received notice from the Clerk that the April 16, 2020 order was undeliverable and could not be forwarded because there was no forwarding address provided.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See Ciosek v. Ashley*, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Because Plaintiff did not comply with this Court's orders, has not kept the Court apprised of his address, and has failed to prosecute this case, dismissal is now appropriate.

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and comply with orders of the Court.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 20th day of May, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.